IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| NEIL RODGER SCHNETZKA and | * | Chapter 7 |
| ORA LOREE SCHNETZKA, | * | |
|     Debtors | * | Case No.: 1-05-bk-07880MDF |
| | * | |
| RONALD L. EIMERBRINK and | * | |
| TAMARA K. EIMERBRINK, | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | Adv. No. 1-06-ap-00067 |
| | * | |
| NEIL RODGER SCHNETZKA and, | * | |
| ORA LOREE SCHNETZKA, and | * | |
| STEVEN M. CARR, Trustee, | * | |
|     Defendants | * | |

## OPINION

Plaintiffs, Ronald L. Eimerbrink and Tamara K. Eimerbrink (the "Emerbrinks"), filed a Complaint to recover a portion of the proceeds of the sale of real estate located at 1480 Detters Mill Road, Warrington Township, York County, Pennsylvania (the "York Property"). The York Property was sold by Steven M. Carr, the chapter 7 trustee, (the "Trustee") for the estate of Neil Rodger Schnetzka and Ora Loree Schnetzka (collectively, "Debtors"). The Emerbrinks allege that they are entitled receive a portion of the proceeds prior to distribution to unsecured creditors because at the time Debtors filed their petition in bankruptcy, the York Property was subject to a trust in their favor. For the reasons discussed below, I find that the Eimerbrinks' complaint must be denied and judgment entered in favor of the Trustee.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

## Procedural and Factual History

Debtors filed their chapter 7 petition on October 12, 2005. On their schedules, they stated they had a fee simple interest in the York Property, which was valued at $108,810.00 and subject to liens in an identical amount. On their schedule of secured debts, however, they stated that the York Property was encumbered by two mortgages, a "purchase money obligation" owing to the Eimerbrinks and a second mortgage owing to Fulton Bank. The Eimerbrinks' claim was listed at $58,999.67 and Fulton Bank's mortgage loan was listed at $13,259.04. On April 27, 2006, the Trustee sold the real estate for $90,414,97. The Emerbrinks did not object to the sale, but are now seeking payment of the proceeds sufficient to satisfy their claim.

In November 1997, the Emerbrinks entered into an installment agreement to sell the York Property (the " Sales Agreement") to Debtor Neil Schnetzka (individually, "Debtor"). Under the terms of the Sales Agreement, which was never recorded, Debtor made a $2000.00 down payment and agreed to make monthly payments of $476.31 and to pay off the principal balance within five years. In 1999, Debtors[2] sought financing to pay off the Sales Agreement. As a condition of the loan, the lender required that Debtors obtain legal title to the York Property. On April 30, 1999, the Eimerbrinks executed a special warranty deed to the property granting fee simple title to Debtors, which was recorded in the York County Recorder of Deeds office. On the same date, Debtors and the Eimerbrinks entered into an agreement that described the reasons for the transfer of legal title and provided that the Debtors would reconvey the property if the financing was not obtained (the "Reconveyance Agreement"). As security for the transfer of the

---

[2]At a date not disclosed in the record, Neil Rodger Schnetzka married Ora Loree Schnetzka.

2

Case 1:06-ap-00067-MDF   Doc 17   Filed 12/27/06   Entered 12/28/06 14:27:30   Desc
Main Document      Page 2 of 12

deed, Debtors agreed to execute a judgment note, which was to be held by the Eimerbrinks' attorney and filed as a lien, at the Eimerbrinks' option, if they were not paid in full from the proceeds of the financing. Notwithstanding Debtors' failure to obtain the financing, the Eimerbrinks did not record the judgment note and did not demand reconveyance of the property. Neither did they enforce the balloon payment that was due in 2002. Debtors continued to make monthly payments under the terms of the Sales Agreement until a month before the Trustee sold the property.

## Discussion

The Eimerbrinks make their claim to the proceeds of the sale under two theories – the creation of an express trust or, alternatively, the imposition of a constructive trust. If the York Property was held in trust by Debtors for the benefit of the Eimerbrinks, they argue, it did not become property of the estate under 11 U.S.C. §541(a). The Eimerbrinks cite § 541(d), which provides that:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. §541(d). The Court of Appeals for the Third Circuit has held that property subject to an express or constructive trust is excluded from the estate under Section 541(d). *Official Committee of Unsecured Creditors v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 997 F.2d 1039, 1059 (3d Cir. 1993). Whether or not a trust interest exists, however, is a matter of state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136

3

(1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.") (footnote omitted); *see also In re Nejberger*, 934 F.2d 1300, 1302 (3rd Cir. 1991). Therefore, I must determine under Pennsylvania law whether an express trust was created or a constructive trust should be imposed.

      *a.*      *Creation of an express trust*

A "trust arises when by a sufficient declaration of its terms, the three following elements concur: sufficient words to create it, a definite subject matter [or res], and a certain or ascertained object." *Pugh v. Gaines*, 156 Pa. Superior Ct. 613, 615, 41 A.2d 287, 288 (1944). Although no particular words are required, an express trust must be created by clear and unambiguous language or conduct. *Leggett's Estate v. United States of America*, 418 F.2d 1257, 1259 (3d. Cir. 1969).

The Eimerbrinks transferred the equitable interest in the York Property to Debtor Neil Schnetzka in 1997 through the execution of the Sales Agreement. Under state law, a buyer acquires an equitable interest in real property when parties enter into an agreement of sale. *Long John Silver's Inc. v. Fiore*, 255 Pa. Superior Ct. 183, 386 A.2d 569, 572 (1978). Therefore, Debtor became the equitable owner of the York Property when the Sales Agreement was executed in 1997. In 1999 the Eimerbrinks transferred their legal interest when they signed and recorded the special warranty deed. The Eimerbrinks assert, however, that they did not transfer the "equitable" interest in the legal title and that the bare legal interest was transferred in trust. Their argument is faulty for several reasons. First, even if an "equitable" interest in a legal interest is cognizable under Pennsylvania law, the reservation of this interest is not described in the deed. To the extent that the Eimerbrinks intended to transfer less than fee simple, this

4

Case 1:06-ap-00067-MDF    Doc 17    Filed 12/27/06    Entered 12/28/06 14:27:30    Desc
Main Document      Page 4 of 12

condition on the conveyance was expressed only in the Reconveyance Agreement, and not in the deed. Conditions set forth in a separate agreement outside the four corners of the deed are ineffective to create a trust because to do so would violate the parol evidence rule. *Truver v. Kennedy*, 425 Pa 294, 303, 229 A. 468, 473 (1967). If property is transferred to another person by a written instrument "in which it is declared that the transferee is to take the property for his own benefit, extrinsic evidence, in the absence of fraud, duress, mistake . . . is not admissible to show that he was intended to hold the property in trust." Restatement (Second) of Trusts § 38. "In the absence of fraud, accident or mistake, the nature and quantity of the real estate interest conveyed must be ascertained from the deed itself and cannot be shown by parol." *Wysinski v. Mazzotta*, 325 Pa. Superior Ct. 128, 132, 472 A.2d 680, 682-83 (1984). "All language of the deed must be given effect and when the language of the deed is clear and unambiguous the intent of the parties must be gleaned solely from its language." *In re Conveyance of land Belonging to City of DuBois*, 461 Pa. 161, 172, 335 A.2d 352, 358 (1975).

Second, even if I could consider the terms of the Reconveyance Agreement, it does not clearly and unambiguously create a trust. Paragraph 3 provides that:

> Buyers [Debtors] do hereby agree that in the event the lending institution fails to grant a loan to the Buyers to pay for the full purchase price of the property, the buyers shall then immediately execute a Special Warranty Deed back to the Sellers for the stated property. *Said Deed shall be executed by the Buyers immediately upon request of the Sellers*.

There is no evidence in the record that the Eimerbrinks requested reconveyance of the property and Debtors failed to comply. The Reconveyance Agreement also provided for Debtors to execute a judgment note that, at the Eimerbrinks' discretion, could be filed as a lien against the property. Although the Reconveyance Agreement obligates Debtors to deed the property back to

5

Case 1:06-ap-00067-MDF    Doc 17    Filed 12/27/06    Entered 12/28/06 14:27:30    Desc
Main Document      Page 5 of 12

the Eimerbrinks, it also provides alternative remedies in the event of a breach. Rather than a trust, the agreement seems more akin to a simple contract than to a trust. Further, it appears that when breached, the Eimerbrinks excused the non-performance and reverted to the original payment terms. Therefore, I find that the Eimerbrinks failed to provide clear and convincing evidence that the Reconveyance Agreement created a trust whereby Debtors held only legal title to the York Property.[3]

    *b.    Imposition of a constructive trust*

Pennsylvania courts recognize constructive trusts, which they have defined as:

> a relationship with respect to property subjecting the person by whom the title to the property is held to an equitable duty to convey it to another on the ground that his acquisition of the retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property.

*City of Philadelphia v. Heinel Motors,* 142 Pa. Super. 493, 502-03, 16 A.2d 761, 765-66 (1940). *See, Yohe v. Yohe*, 466 Pa. 405, 411, 353 A.2d 417, 420 (1976); *Gee v. Eberle*, 279 Pa. Super. 101, 112, 420 A.2d 1050, 1056 (1980). Under Pennsylvania law, a constructive trust is a fictional trust, an equitable remedy to avoid unjust enrichment. Specific intent to create a constructive trust is not required. *In re Joseph B. Dahlkemper Co., Inc*. 165 B.R. 149, 154 (Bankr. W.D. Pa. 1994), citing, *Stauffer v. Stauffer,* 465 Pa. 558, 567, 351 A.2d 236, 241 (1976); *Roberson v. Davis*, 397 Pa. Super. 292, 296, 580 A.2d 39, 41(1990); *Denny v.*

---

[3]By stating in the deed that the conveyance was subject to a condition subsequent, the Eimerbrinks' deed could have avoided parol evidence issues and effecuated their intent to require Debtors to reconvey legal title if Debtors were unable to obtain financing and pay off the balance of the loan . *Emrick v. Bethlehem Township*, 506 Pa. 372, 379, 485 A.2d 736, 739 (1984)("A fee simple subject to a condition subsequent is created where the deed provides that upon the happening of some specified event, the grantor has the right and power to terminate the estate.")

*Cavalieri,* 297 Pa.Super. 129, 132, 443 A.2d 333, 335 (1982). Although it is a flexible remedy, Pennsylvania courts have imposed a constructive trust only if a party acquires property "as result of fraud, duress, undue influence, mistake, abuse of a confidential relationship, or other such circumstances suggesting unjust enrichment." *Louis Dolente & Sons v. USF&G*, 252 F. Supp.2d 178, 182 (E.D. Pa 2003)(citations omitted). A constructive trust is not an action in *quantum meruit* seeking to impose personal liability. The remedy is meant to restore particular funds or property to the true owner. *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 214 (2002). Ownership, possession and title to property have been separated through an involuntary transfer usually as a result of fraud, mistake, or coercion. *See Yohe,* 466 Pa. at 411, 353 A.2d at 421; *Sacred Heart Hospital of Norristown*, 175 B.R. at 555.

To prevail on a claim for unjust enrichment, one must demonstrate that the party from whom recovery is sought either wrongfully procured or passively received a benefit that it would be unconscionable for him to retain. *Torchia v. Torchia,* 346 Pa.Super. 229, 233, 499 A.2d 581, 582 (1985). The requirements for establishing unjust enrichment are: (1) that a benefit was conferred on defendant; (2) that defendant retained the benefit; and (3) that it would be inequitable for defendant to retain the benefit without paying its value. *Schenck v. K.E. David, Ltd.,* 446 Pa.Super. 94, 97, 666 A.2d 327, 328 (1996). A showing of wrongful intent on defendant's part is not required. The focus is on whether defendant has been unjustly enriched. *Torchia,* 346 Pa.Super. at 233, 499 A.2d at 581-82. *In re Forman Enterprises, Inc.*, 273 B.R. 408, 412 (Bankr. W.D. Pa. 2002).

The Eimerbrinks do not allege that the Debtors obtained title through any wrongful act. At the time the conveyance occurred, both Debtors and the Eimerbrinks intended that legal title

7

would be transferred to Debtors to enable them to obtain financing to satisfy the balance of the purchase price. The Eimerbrinks assert, however, that although Debtors continued to make payments under the terms of the Sales Agreement after they failed to obtain financing, Debtors' estate and their unsecured creditors would be unjustly enriched if the estate retained the proceeds of the sale without first satisfying the Eimerbrinks' claim. Although Debtors were able to obtain title to the real estate without paying the full purchase price, this fact alone does not constitute unjust enrichment. The Eimerbrinks had several remedies available to them as soon as it became apparent in 1999 that Debtors had been unable to obtain financing. They could have demanded specific performance under the terms of the Reconveyance Agreement, or they could have recorded the judgment as a lien. They elected, however, to continue to receive payments under the terms of the Sales Agreement and ignore the breach of the Reconveyance Agreement. For reasons unclear from the record, they declined to take either course of action prior to Debtors' bankruptcy filing in October 2005. The Eimerbrinks failed to pursue several courses of action to protect their interests after they were aware that Debtors had failed to perform. Under these facts, I cannot find that the requisite elements of a constructive trust have been established.

      c.      *Trustee's avoidance powers under 11 U.S.C. § 544(a)(3)*

Even if the Reconveyance Agreement created an express trust or the York Property was subject to a constructive trust in favor of the Eimerbrinks, the property became subject to the Trustee's avoidance powers under § 544(a)(3) once Debtors filed their petition. This is so even though §541(d) provides that property held by a debtor in trust for another is excluded from property of the estate.

8

> Section 544(a) provides in pertinent part:
>
> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of the debtor or any obligation incurred by the debtor that is voidable by –
>
> ***
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Pennsylvania law requires that "[a]ll deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to . . . convey any lands . . . shall be recorded in the office for the recording of deeds in the county where such lands . . . are situate." Act of May 12, 1925, P.L. 613 §1, as amended, 21 P.S. 351. The purpose of this statute is "to discourage secret liens against or secret equities in real property" so all parties dealing with property will be aware of the true status of the title. *Swope v. Washington Mutual Home Loans, Inc. (In re Johnston)*, 333 B.R. 724, 733 (Bankr. W.D. Pa. 2005). Therefore, under Pennsylvania law, in order to cut off the rights of a bona fide purchaser, the conveyance of an interest in real property must be recorded.

Many courts have perceived a tension between the provisions in § 541(a), which describes the scope of the estate, § 541(d), which excludes from the estate property held in trust, and § 544(a), which authorizes the trustee to avoid certain transfers. The Court of Appeals for the Third Circuit stated in *dicta* in *Universal Bonding Insurance, Co. v. Gittens & Sprinkle Enterprises, Inc.*, 960 F.2d 366, 372, n.2 (3d Cir. 1992) that "[s]ection 541(d)'s limitation on the scope of the bankruptcy estate prevails over the trustee's strong-arm powers under section 544

of the Code."[4] However, the Circuit Court's holding did not require the reconciliation of § 541(d) and § 544, but instead was grounded on a finding that the New Jersey Trust Fund Act required that monies paid by government agencies to the debtor should have been placed into a trust fund for the benefit of laborers and materialmen. *Universal Bonding* did not address the issue of whether a trustee, as a hypothetical bona fide purchaser of real property under § 544(a)(3), can draw property into the estate that otherwise would be excluded under § 541(d). *See Mullins v. Burtch (In re Paul J. Paradise & Asso., Inc.)*, 249 B.R. 360, 366 (D. Del. 2000) Therefore, the Third Circuit's holding in *Universal Bonding* is inapplicable to the case at bar.

A majority of courts have concluded that § 541(d) is subject to the rights of a trustee to avoid an unperfected interest in property. *In re DVI, Inc.*, 306 B.R. 496, 501 (Bankr. D. Del. 2004). Section 541(d) does not state that property subject to a trust can never be property of the estate, it only provides that property held in trust does not become property of the estate under §541(a)(1) or (2). However, property which is recovered by the estate under § 550 as a result of the exercise of avoidance powers under § 544 is brought into the estate under § 541(a)(3). *Belisle v. Plunkett*, 877 F.2d 512, 515 (7th Cir. 1989) (leasehold interest held by debtor in constructive trust brought into the estate under § 544; no conflict between § 541(a)(3) and (d));

---

[4] The *dicta* in *Universal Bonding* cites to *Quality Holstein Leasing*, 752 F.2d 1009 (5th Cir. 1985), which determined that § 541(d) prevailed over a trustee's strong-arm powers under § 544. Prior versions of § 541(d) provided that property became property of the estate only to the extent of the debtor's interest. *Quality Holstein Leasing* interpreted this earlier version of the statute. In 1984, the section was amended to state that property becomes property of the estate *under (a)(1)( or (2)* of the section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold. Even if I found that the Eimerbrinks retained an equitable interest in the legal title they transferred to Debtors, the Trustee exercised the powers of a bona fide purchaser under (a)(3) to recover the avoided transfer. Thus, § 541(d) is inapplicable.

*City National Bank of Miami v. General Coffee Corp. (In re General Coffee Corp.)*, 828 F.2d 699, 704-06 (11th Cir. 1987) (§ 544 brings trust property into the estate notwithstanding § 541(d)); *In re Paul J. Paradise & Asso., Inc.*, 249 B.R. at 367. (§ 541(d) and § 544(a) operate independently of each other) (citing cases). In *Belisle*, the Seventh Circuit challenged the Fifth Circuit's statement in *Quality Holstein Leasing* that "Congress did not mean to authorize a bankruptcy estate to benefit from property that the debtor did not own." *In re Quality Holstein Leasing*, 752 F.2d at 1013-14. Responding to the Fifth Circuit's observation, the *Belisle* court stated that "we believe that allowing the estate to 'benefit from property that the debtor did not own' is exactly what the strong-arm powers are about: they give the trustee the status of a bona fide purchaser for value, so that the estate contains interests to which the debtor lacked good title." *Belisle*, 877 F.2d at 516. Although the *dicta* in *Universal Bonding* suggests that the Third Circuit would not adopt the Seventh Circuit's position that § 544 trumps all interests otherwise protected under § 541(d), it is not necessary for me to determine this issue.[5] If it were appropriate to impose a constructive trust in this case, the trust would have arisen at the time Debtors failed to reconvey the property after they were denied financing. Therefore, at the time the petition was filed, the trust *res* would have been the York Property, not its proceeds. Because the Trustee possessed the status of a bona fide purchaser under § 544, he was empowered to avoid any equitable interest in the legal title retained by the Eimerbrinks and pull

---

[5]Therefore, I do not determine whether a constructive trust claim on *personal* property under §544(a)(1) or (2) that arises before a petition is filed may be avoided by a trustee. *See Sierra Investments, LLC v. SHC, Inc. (In re SHC, Inc.)*, 329 B.R. 438, 448-49 (Bankr. D. Del. 2005); *In re DVI, Inc.*, 306 B.R. at 503.

11

that interest into the estate for the benefit of all creditors. Therefore, the Trustee may distribute the proceeds of the sale free of any trust interest claimed by the Eimerbrinks.

## **Conclusion**

For the reasons set forth above, the Court will dismiss the Complaint. An appropriate order follows.

By the Court,

*Mary D. France*
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*

Date: December 27, 2006